1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11      DIMITRI Z. STORM,                              No.  2:23-cv-00819 DB P

12                          Petitioner,

13           v.                                        ORDER AND

14      GAVIN NEWSOM,                                  FINDINGS AND RECOMMENDATIONS

15                          Respondent.

16

17          Petitioner, an inmate at California Substance Abuse Treatment Facility ("SATF"), filed a

18   petition styled as a "Petition for Writ of Mandate Under [the] California Constitution… [and]

19   Code of Civil Procedure…." (ECF No. 1.) Petitioner also filed application to proceed in forma

20   pauperis. (ECF No. 4.)

21          "A district court may deny leave to proceed in forma pauperis at the outset if it appears

22   from the face of the proposed complaint that the action is frivolous or without merit." Tripati v.

23   First Nat'l Bank & Tr., 821 F.2d 1368, 1370 (9th Cir. 1987). On this basis, for the reasons set

24   forth below, the undersigned will recommend petitioner's application to proceed in forma

25   pauperis be denied.

26          **I. Petitioner's Allegations**

27          On December 30, 2020, petitioner mailed a certified letter seeking an in-person interview

28   with a representative of the California Department of Corrections ("CDCR") Office of Internal

affairs. (ECF No. 1 at 4.) Petitioner wanted to "safely report certain illegal activities and actors" at SATF for investigation for criminal charges. (Id.) The Terrorism Liaison Officer assigned to SATF could not be trusted and was a co-conspirator in league with the other CDCR officers. (Id. at 5.)  As of February 30, 2021, petitioner had received no response. (Id.)

On March 22, 2021, petitioner was verbally assaulted, threatened, and was the subject of "intentional combative acts" which he alleges were retaliatory. (ECF No. 1 at 7-8.) Subsequently, petitioner's outgoing legal mail was kept from being properly logged. (Id. at 8.)

Petitioner requested an interview with the SATF Warden and received no response. (ECF No. 1 at 8.) Petitioner continued to suffer "elements of retaliation" for his attempts to engage an investigation. (Id.)

Petitioner sent confidential legal mail to CDCR Secretary, Kathleen Allison, requesting an interview. (ECF No. 1 at 9.) By August 28, 2021, it appeared there would be no fulfillment of legal duty in response to petitioner's letter. (Id. at 10.)

Petitioner also requested various documents through the California Public Records Act. (ECF No. 1 at 11.) Petitioner alleges he was denied the information he sought through all channels, in violation of the respondents' lawful duties to perform ministerial acts. (Id.) Through this suit, petitioner seeks a writ under California law to force CDCR to comply with legal procedures for enacting new regulations. (Id. at 13, 19.)

**II.  Applicable Legal Standards**

Title 28 U.S.C. § 1361 confers upon the district courts original jurisdiction of any action in the nature of mandamus "to compel an officer or employee of the United States or any agency thereof" to perform a duty owed to the petitioner. 28 U.S.C. § 1361. Although 28 U.S.C. § 1651 states that all courts established by Act of Congress "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law," the federal courts lack subject matter jurisdiction to issue a writ of mandamus to a state agency or official. See Demos v. United States District Court for the E. Dist. of Wash., 925 F.2d 1160, 1161-62 (9th Cir. 1991) ("to the extent that Demos attempts to obtain a writ in this court to compel a state court to take or refrain from some action, the petitions are frivolous as a matter of

law"); <u>Benson v. State Bd. of Parole & Prob.</u>, 384 F.2d 238, 239 (9th Cir. 1967) (noting the All Writs Act does not operate to confer jurisdiction and may be invoked by the district court only in aid of jurisdiction which it already has). California Code of Civil Procedure § 1085, in turn, "authorizes only state courts to issue writs of mandate." <u>Hill v. Cnty. of Sacramento</u>, 466 Fed. Appx. 577, 579 (9th Cir. 2012).

### III. Discussion

#### A. Writ of Mandate

This court has a duty to determine its own subject matter jurisdiction, which may be raised on the court's own motion at any time. Fed. R. Civ. P. 12(h)(3); <u>CSIBI v. Fustos</u>, 670 F.2d 134, 136 n. 3 (9th Cir. 1982) (citing <u>City of Kenosha v. Bruno</u>, 412 U.S. 507, 511-512 (1973)). Jurisdiction must always be affirmatively alleged. Fed. R. Civ. P. 8(a)(1). A court will not infer allegations supporting federal jurisdiction and is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears. <u>Stock West, Inc. v. Confederated Tribes of the Colville Reservation</u>, 873 F.2d 1221, 1225 (9th Cir. 1989).

Petitioner alleges the respondents have failed to perform or refused to perform their legal duties as set forth in the California Constitution and various state laws and regulations. (ECF No. 1 at 3.) Petitioner seeks to compel CDCR officials to refrain from some action or take some action through a writ under California Code of Civil Procedure § 1085. (<u>Id.</u>) The court lacks subject matter jurisdiction to issue such a writ. <u>See</u> <u>Hill</u>, 466 Fed. Appx. at 579.

The petition does not indicate petitioner seeks to obtain a writ under 28 U.S.C. § 1361 or 28 U.S.C. § 1651. Nonetheless, the court would also lack subject matter jurisdiction over such a request. A "request for a writ of mandamus does not itself create federal subject matter jurisdiction." <u>Robb v. California Air Res. Bd.</u>, No. 2:23-CV-1013-DJC-DB-PS, 2023 WL 7092105, at *2 (E.D. Cal. Oct. 26, 2023) (citing <u>Mance v. U.S.</u>, No. CV-07-949-PHX DGC, 2007 WL 1546094, at *1 (D. Ariz. May 24, 2007)). The petition does not allege facts that state a federal claim for relief. The petition does not assert any right arising under federal statute, treaty, or the Constitution that would confer jurisdiction upon this Court pursuant to 28 U.S.C. § 1331. Instead, petitioner relies on state law and state regulations.

3

The court lacks subject matter jurisdiction to issue a writ of mandate as petitioner prays. See Demos, 925 F.2d at 1161-62. Accordingly, the petition for a writ of mandate should be dismissed for lack of subject matter jurisdiction.

**B.  Construction as a Civil Rights Complaint or Habeas Petition**

Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus and a civil rights complaint. See Muhammad v. Close, 540 U.S. 749, 750 (2004). "[H]abeas is the exclusive vehicle for claims brought by state prisoners that fall within the core of habeas corpus, and such claims may not be brought in a [42 U.S.C. § 1983 civil rights] action." Nettles v. Grounds, 830 F.3d 922, 927 (9th Cir. 2016) (en banc). As a correlative rule, "a § 1983 action is the exclusive vehicle for claims brought by state prisoners that are not within the core of habeas corpus." Id. In other words, claims challenging "the fact or duration of the conviction or sentence" are within the core of habeas, while claims challenging "any other aspect of prison life" are properly brought as civil rights actions. Id. at 934.

Here, success on any claim related to the facts stated in the petition would not lead to immediate or earlier release from confinement. The present petition and is not cognizable as a habeas corpus petition.

Although the current allegations fail to state a cognizable claim, the court could potentially construe some of petitioner's allegations as an attempt to state a civil rights cause of action under 42 U.S.C. § 1983. See Wilwording v. Swenson, 404 U.S. 249, 251 (1971) (superseded by statute on other grounds). However, the court should decline to convert the present petition into a civil rights complaint for several reasons. If petitioner contends his civil rights have been violated and wishes to bring a civil rights suit, he may commence a new action.

Petitioner alleges that after he sought an interview to report wrongdoing, he suffered retaliatory acts in the form of verbal assaults, threats, intentional combative acts, and issues with his legal mail. (ECF No. 1 at 7-8.) The petition does not contain sufficient facts to state a claim. The petition also does not identify or name the individuals who allegedly engaged in these acts. There is no indication petitioner has exhausted available administrative remedies through the jail administrative review process as required for a civil rights claim. If petitioner did not do so prior

4

1    to filing this action, his claims would be subject to dismissal on that basis. <u>See</u> 42 U.S.C. §

2    1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 of this

3    title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional

4    facility until such administrative remedies as are available are exhausted.").

5       Further, construing the petition as a civil rights action would cause petitioner to become

6    automatically liable for a considerably higher filing fee even if his claim were dismissed. Under

7    the Prisoner Litigation Reform Act, a prisoner must pay the $350 filing fee for a civil rights

8    action by way of deductions from the prisoner's trust account, regardless of in forma pauperis

9    status. <u>See</u> 28 U.S.C. § 1915(b)(1).

10      Finally, the alleged retaliation is not the crux of the claim petitioner brought to the court

11    through this action. Instead, petitioner clearly seeks a writ of mandamus under state law, which is

12    not available. Petitioner's references to retaliatory acts by unspecified individuals are ancillary to

13    his claim for a writ of mandamus. For all these reasons, the court should not convert the petition

14    to a civil rights suit under 42 U.S.C. § 1983.

15      **IV.  Conclusion and Recommendation**

16      In accordance with the above, IT IS HEREBY ORDERED that the Clerk of the Court

17    shall assign a district judge to this case.

18    ////

19    ////

20    ////

21    ////

22    ////

23    ////

24    ////

25    ////

26    ////

27    ////

28    ////

In addition, IT IS HEREBY RECOMMENDED as follows:

1.  The motion to proceed in forma pauperis (ECF No. 4) be denied as moot.

2.  The petition for writ of mandate be dismissed for lack of subject matter jurisdiction.

3.  The Clerk of Court be directed to close this case.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 21 days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 12, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB7
stor0819.scrn.fr